## Lot Two &c. *v.* Swetland.

Service by publication is not good, unless authorized by the court after the return of the notice to the appearance term therein designated.

It is the policy of the law to secure actual service of notice upon the party, against whom judicial proceedings have been commenced; and constructive service, by publication, should not be resorted to, unless the court is satisfied that every reasonable effort has been exhausted to secure actual service.

Before a judgment or decree can be rendered by default, where the service has been by publication only, the proof required by § 1826 of the Code, should be satisfactorily made to the court, and the fact that such proof was made, should appear of record.

The court should be satisfied that the "reasonable diligence" required by § 1826 has been exercised by *bona fide* efforts.

*Appeal from Cedar District Court.*

*Opinion by* Greene, J. In this case, a decree was rendered to foreclose the equity of redemption, on a tax title, against the owner of lot two in section twenty-five, in township seventy-nine, north of range three west. The decree shows that notice of the commencement of the action was published four weeks successively, in a weekly newspaper, and gives no other reason for the exercise of jurisdiction, where there was no appearance or personal service upon the owner of the lot. The transcript shows that the notice was issued, and returned by the coroner, on the third of January, 1853. The first day of the term of court, to which the notice was made returnable, was April 18th, 1853. The proof of publication, shows that the notice had been published about two months before the return day of the notice, and the term of court at which the publication should have been ordered.

This court decided in *Pinkney* v. *Pinkney*, [a] that a

[a] *Ante,* 324.

notice by publication is not valid, unless ordered by the court, after the original notice was duly returned to the court, at the appearance day therein designated. It is the obvious policy of the law to secure actual service of notice upon a party, against whom judicial proceedings have been commenced, and unless a court is satisfied that every reasonable effort has been exhausted to secure actual service the uncertain method of giving notice by publication, should not be resorted to ; and in no instance, should constructive service by publication be considered good, unless the publication was expressly authorized by the court.

As the record in this case, shows that the notice by publication, was prematurely made, and was not authorized by an order of the court, it cannot be considered a constructive service of notice, and therefore gave the court no jurisdiction over the owner of the lot.

There is also another serious jurisdictional defect in the record and decree in this case. It does not appear that "A copy of the petition, and notice was directed to the defendant, at his usual place of residence, in sufficient time for his appearance ;" nor does it appear that such residence was "unknown to the plaintiff, or his attorney, or his business agent, and could not with reasonable diligence be ascertained," Code, § 1826.

Before a judgment or decree can be rendered by default where the service has been by publication only, the proof required by this section of the Code should be satisfactorily made to the court, and the fact that such proof was made, should appear of record. *Broghell, et al* v. *Lash,* 3 G. Greene, 357 ; *Pinkney* v. *Pinkney, ante* 324.

But it is objected that the owner of the lot was unknown, as shown by the proceeding against the lot alone. The fact that the suit was not commenced against the owner of the lot by name, is no evidence that the owner's name and residence might not have been readily ascertained. The recorder's office should at least disclose the name of the

Lot Two *v.* Swetland.

owner of record. Hence there is no necessity for proceeding against the " unknown owners " of land, or against the land itself. The owner's name can readily be ascertained, either from the United States land office, or from the recorder's office, by the exercise of "*reasonable diligence* ;" and in ascertaining the name of the owner, his residence could ordinarily be ascertained, at least by a reasonably diligent effort. The court should be satisfied that this reasonable diligence has been exercised to ascertain the name and residence of a party, before ordering a judgment against him by default. The belief of the plaintiff or his attorney, that reasonable diligence had been exercised should not satisfy the court. The court should require them to show what their efforts have been, and be satisfied that these effects were *bona fide*, and that they show "reasonable diligence."

The record before us is so entirely deficient in all these important prerequisites to an exercise of jurisidicton over the defendant, on whom no service, and by whom no appearance had been made, that we must send the case back to the district court, for further efforts to secure at least a legal constructive service under the Code.

Decree reversed.

*Stephen Whicher*, for appellant.

*Wells Spicer*, for appellee.